UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                     Plaintiff,<br><br>     vs.<br><br>INTERNAL REVENUE SERVICE,<br><br>                     Defendant. | NO.<br><br>COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF |

Plaintiff Microsoft Corporation ("Plaintiff" or "Microsoft") brings this action for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and complains as follows:

## INTRODUCTION

1.       Plaintiff seeks to compel the disclosure of records that were unlawfully withheld by the Internal Revenue Service ("Defendant" or "IRS").

/ / /

/ / /

/ / /

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 1

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

3.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

4.      Plaintiff is a Washington corporation with its principal place of business located in Redmond, Washington.

5.      Defendant is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C., that has possession and control over the records that Plaintiff seeks under the FOIA.

**STATUTORY FRAMEWORK**

6.      The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply.  5 U.S.C. § 552(a)(3)(A).

7.      Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made.  *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

8.      An agency has twenty (20) working days after receipt of a FOIA request in which to determine whether to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).  If the agency fails to respond, this Court has jurisdiction upon receipt of a complaint to review, *de novo*, the agency's failure to respond and order the production of any agency records improperly withheld from the requester.  5 U.S.C. § 552(a)(4)(B).

/ / /

/ / /

/ / /

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 2

1

## STATEMENT OF FACTS

2

**A.     Introduction**

3        9.      Defendant, a bureau of the Department of the Treasury, is responsible for the

4    administration and enforcement of the federal tax laws.

5        10.     Defendant is presently conducting an examination of Plaintiff's federal income

6    tax returns for the tax years ended June 30, 2004 through June 30, 2009 (the "IRS

7    Examinations").

8

**B.     The Boies Schiller Contract**

9        11.     On September 19, 2013, Defendant and Boies Schiller & Flexner LLP ("Boies

10   Schiller"), a law firm, entered into a contract in the amount of $350,000 for Boies Schiller's

11   provision of legal services.  On May 13, 2015, a portion of the contract was produced to

12   Plaintiff in response to another FOIA suit pending before this Court,[1] revealing that the IRS

13   retained Boies Schiller to provide legal services in connection with the IRS Examinations.  The

14   contract provided that David Boies would be paid $1250.00 per hour for his work and act as

15   lead counsel in the engagement.

16       12.     Boies Schiller has "over 200 lawyers practicing in offices across the country,"

17   and "regularly serve[s] as lead counsel in the most significant and highest profile disputes in

18   the world."  *About Us - Firm Overview - Boies, Schiller & Flexner LLP*,

19   http://www.bsfllp.com/about/firm_overview.html (last visited May 29, 2015).

20

**C.     The Quinn Emanuel Contract**

21       13.     On May 19, 2014, Defendant and Quinn Emanuel Urquhart & Sullivan, LLP

22   ("Quinn Emanuel"), a law firm, entered into a contract in the amount of $2,185,500 for Quinn

23   Emanuel's provision of legal services to Defendant in connection with the IRS Examinations.

24

25

---

[1] *Microsoft Corp. v. Internal Revenue Service*, No. 15-cv-00369-RSM (W.D. Wash.)

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 3

14.     Quinn Emanuel "is a 700+ attorney business litigation firm with 18 offices around the globe, each devoted solely to business litigation and arbitration." *Quinn Emanuel: Overview*, http://www.quinnemanuel.com/#4 (last visited May 29, 2015).

**D.     The Temporary and Proposed Treasury Regulations**

15.     On June 18, 2014, the IRS issued Temporary and Proposed Treasury Regulations purporting to allow IRS contractors, such as Boies Schiller and Quinn Emanuel, to question witnesses pursuant to summons in IRS Examinations.  T.D. 9669, 79 Fed. Reg. 34625 (Jun. 18, 2014) ("Treas. Reg. § 301.7602-1T"); REG-121542-14, 79 Fed. Reg. 34668 (Jun. 18, 2014) ("Prop. Treas. Reg. § 301.7602-1").

**E.     The Summons**

16.     On October 30, 2014, the IRS served on Microsoft a designated summons pursuant to 26 U.S.C. § 6503(j).

**F.     Plaintiff's First FOIA Request**

17.     On March 12, 2015, Plaintiff's counsel prepared a FOIA request, on Plaintiff's behalf ("Plaintiff's First FOIA Request").  A true and correct copy of Plaintiff's First FOIA Request is attached hereto as Exhibit A.  Plaintiff's First FOIA Request sought:

(1)     All documents exchanged between Quinn Emanuel and the IRS on or prior to May 19, 2014, in connection with the IRS's examination of Microsoft for any or all of Microsoft's tax years ended June 30, 2004 through June 30, 2009.

(2)     All documents exchanged between or among any or all the following individuals, on or prior to May 19, 2014, relating to or referencing the potential engagement of Quinn Emanuel, its partners, and/or its employees in connection with the IRS examination of Microsoft for any or all of Microsoft's tax years ended June 30, 2004 through June 30, 2009:

(a)     Cheryl Claybough, Industry Director, Large Business & International, Communications, Technology & Media

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

(b)  Christopher Sterner, Deputy Chief Counsel (Operations), Office of Chief Counsel

(c)  Drita Tonuzi, Associate Chief Counsel, Office of Chief Counsel, Procedure & Administration

(d)  Dustin Starbuck, Associate Chief Counsel, Office of Chief Counsel, Finance & Management

(e)  Eli Hoory, Senior International Advisor, Large Business & International, Transfer Pricing Operations

(f)  Heather Maloy, Commissioner, Large Business & International

(g)  Kimberly Edwards, Director, Field Operations, Large Business & International, Communications, Technology & Media

(h)  Linda Kroening, Division Counsel, Office of Chief Counsel, Large Business & International

(i)  Mark Kaizen, Associate Chief Counsel, Office of Chief Counsel, General Legal Services

(j)  Michael Danilack, Former Deputy Commissioner (International), Large Business & International

(k)  Nancy Bronson, Territory Manager (West), Large Business & International, Transfer Pricing Practice

(l)  Robert Ratchford, Former Deputy Area Counsel (SL), Office of Chief Counsel, Large Business & International

(m)  Samuel Maruca, Former Director of Transfer Pricing Operations, Large Business & International, Transfer Pricing Operations

(n)  Thomas Vidano, Deputy Division Counsel (International), Office of Chief Counsel, Large Business & International

(o)  William Merkle, Area Counsel (Retailers, Food, Transportation & Healthcare), Office of Chief Counsel, Large Business & International

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

(p)   William Sabin, Senior Counsel, Office of Chief Counsel, Large Business & International

(q)   William Wilkins, Chief Counsel, Office of Chief Counsel

(3)   All documents exchanged between the IRS (including the IRS Office of Chief Counsel) and the Office of the General Counsel, Department of the Treasury, relating to or referencing the potential or actual engagement of Quinn Emanuel, its partners, and/or its employees in connection with the IRS examination of Microsoft for any or all of Microsoft's tax years ended June 30, 2004 through June 30, 2009.

(4)   All documents exchanged between the IRS (including the IRS Office of Chief Counsel) and the Office of Tax Policy, Department of the Treasury, relating to or referencing the potential or actual engagement of Quinn Emanuel, its partners, and/or its employees in connection with the IRS examination of Microsoft for any or all of Microsoft's tax years ended June 30, 2004 through June 30, 2009.

(5)   All documents exchanged between the IRS (including the IRS Office of Chief Counsel) and the Office of Legal Counsel, Department of Justice, relating to or referencing the potential or actual engagement of Quinn Emanuel, its partners, and/or its employees in connection with the IRS examination of Microsoft for any or all of Microsoft's tax years ended June 30, 2004 through June 30, 2009.

(6)   All documents exchanged between the IRS (including the IRS Office of Chief Counsel) and the Tax Division, Department of Justice, relating to or referencing the potential or actual engagement of Quinn Emanuel, its partners, and/or its employees in connection with the IRS examination of Microsoft for any or all of Microsoft's tax years ended June 30, 2004 through June 30, 2009.

(7)   All documents constituting the "initial package of documentation" provided or made available by the IRS to Quinn Emanuel under TIRNE-14-C-00013.

(8)   All documents relating to or referencing the "in-person verbal detailed briefing" provided by Quinn Emanuel to the IRS under TIRNE-14-C-00013.

/ / /

/ / /

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 6

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

(9)     All documents relating to or referencing the "verbally report[ed] conclusions and findings" provided by Quinn Emanuel to the IRS under TIRNE-14-C-00013.

(10)    All documents constituting the "written summar[ies] or report[s] on identified sub-issues" provided by Quinn Emanuel to the IRS under TIRNE-14-C-00013.

(11)    All documents relating to or referencing the "oral recommendations" provided by Quinn Emanuel to the IRS under TIRNE-14-C-00013.

(12)    All documents constituting the "invoices" prepared by Quinn Emanuel under TIRNE-14-C-00013.

(13)    All documents constituting the "written status report[s]" prepared by Quinn Emanuel under TIRNE-14-C-00013.

(14)    All documents constituting "the report to the COR" provided by Quinn Emanuel to the IRS under TIRNE-14-C-00013.

(15)    All documents constituting the "written permission[s] from the POC or COR" provided to Quinn Emanuel under TIRNE-14-C-00013.

(16)    All documents constituting the "publicly available information" and "documents and materials obtained by the POC or examination team" identified in TIRNE-14-C-00013.

(17)    All documents constituting the "Plan of Action and Milestones (POA&M)" identified in TIRNE-14-C-00013.

(18)    All documents relating to or referencing the "background investigation[s]" performed in connection with TIRNE-14-C-00013.

(19)    All documents relating to or referencing the "security self-assessment" performed in connection with TIRNE-14-C-00013.

(20)    All documents constituting the "written deliverables to the COR" under TIRNE-14-C-00013.

(21)    All documents relating to or referencing the "Quality Assurance Surveillance Plan" required under TIRNE-14-C-00013.

/ / /

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 7

(22)    All documents constituting the "Surveillance Activity Checklists" prepared in connection with TIRNE-14-C-00013.

(23)    All documents constituting the "[d]eliverables" under TIRNE-14-C-00013.

(24)    All documents constituting the "IRS Informed Consent" identified in TIRNE-14-C-00013.

(25)    All documents relating to or referencing the issue of whether John Quinn and/or John Gordon may become "special government employee[s]" as contemplated by TIRNE-14-C-00013.

(26)    To the extent not otherwise requested above, all "records and documents, including Taxpayer [Microsoft] records and documents, provided to the Contractor [Quinn Emanuel] by the Government [IRS]" pursuant to TIRNE-14-C-00013.

(27)    To the extent not otherwise requested above, all documents constituting Quinn Emanuel "generated work products and workpapers" associated with the requirements of TIRNE-14-C-00013.

(28)    To the extent not otherwise requested above, all documents provided to Quinn Emanuel by the IRS in connection with TIRNE-14-C-00013.

(29)    To the extent not otherwise requested above, all documents provided to the IRS by Quinn Emanuel in connection with TIRNE-14-C-00013.

(30)    To the extent not otherwise requested above, all documents created or maintained by Quinn Emanuel in connection with TIRNE-14-C-00013.

18.    Plaintiff's First FOIA Request was received by the appropriate component of the IRS on March 13, 2015.

19.    On April 9, 2015, Defendant sent Plaintiff's counsel a letter in connection with Plaintiff's First FOIA Request ("Defendant's April 9, 2015 Letter").  A true and correct copy of Defendant's April 9, 2015 Letter is attached hereto as Exhibit B.

20.    Defendant's April 9, 2015 Letter claimed that Defendant was unable to meet the 20 working-day statutory deadline to respond to Plaintiff's First FOIA Request, and claimed

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 8

1   entitlement to a 10-day statutory extension, to April 24, 2015, to "[s]earch for and collect the

2   requested records from other locations[.]"  *Id.*, at 1.

3       21.     On April 23, 2015, Defendant sent Plaintiff's counsel a second letter in

4   connection with Plaintiff's First FOIA Request ("Defendant's First April 23, 2015 Letter").  A

5   true and correct copy of Defendant's First April 23, 2015 Letter is attached hereto as Exhibit C.

6       22.     Defendant's First April 23, 2015 Letter claimed that Defendant was "still

7   working" on Plaintiff's First FOIA Request, that Defendant "need[ed] additional time to obtain

8   and review the records[,]" and that Defendant would contact Plaintiff's counsel "by May 28,

9   2015" if Defendant was still unable to respond to Plaintiff's First FOIA Request.

10      23.     To date, Defendant has not responded to Plaintiff's First FOIA Request.

11      24.     The statutory deadline for Defendant to respond to Plaintiff's First FOIA

12  Request, April 24, 2015, has expired.

13      25.     Because Defendant failed to comply with the FOIA time limit provisions,

14  Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. §

15  552(a)(6)(C)(i).

16      **G.     Plaintiff's Second FOIA Request**

17      26.     On March 12, 2015, Plaintiff's counsel prepared a second FOIA request, on

18  Plaintiff's behalf ("Plaintiff's Second FOIA Request").  A true and correct copy of Plaintiff's

19  Second FOIA Request is attached hereto as Exhibit D.  Plaintiff's Second FOIA Request

20  sought:

21          (1)     All documents exchanged between Boies Schiller and the IRS on or
22                  prior to September 19, 2013, in connection with the IRS's examination
                    of Microsoft for any or all of Microsoft's tax years ended June 30, 2004
23                  through June 30, 2009.

24  / / /

25  / / /

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 9

(2)  All documents exchanged between or among any or all the following individuals, on or prior to September 19, 2013, relating to or referencing the potential engagement of Boies Schiller, its partners, and/or its employees in connection with the IRS examination of Microsoft for any or all of Microsoft's tax years ended June 30, 2004 through June 30, 2009:

(a)  Cheryl Claybough, Industry Director, Large Business & International, Communications, Technology & Media

(b)  Christopher Sterner, Deputy Chief Counsel (Operations), Office of Chief Counsel

(c)  Drita Tonuzi, Associate Chief Counsel, Office of Chief Counsel, Procedure & Administration

(d)  Dustin Starbuck, Associate Chief Counsel, Office of Chief Counsel, Finance & Management

(e)  Eli Hoory, Senior International Advisor, Large Business & International, Transfer Pricing Operations

(f)  Heather Maloy, Commissioner, Large Business & International

(g)  Kimberly Edwards, Director, Field Operations, Large Business & International, Communications, Technology & Media

(h)  Linda Kroening, Division Counsel, Office of Chief Counsel, Large Business & International

(i)  Mark Kaizen, Associate Chief Counsel, Office of Chief Counsel, General Legal Services

(j)  Michael Danilack, Former Deputy Commissioner (International), Large Business & International

(k)  Nancy Bronson, Territory Manager (West), Large Business & International, Transfer Pricing Practice

(l)  Robert Ratchford, Former Deputy Area Counsel (SL), Office of Chief Counsel, Large Business & International

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

1

2

(m)     Samuel Maruca, Former Director of Transfer Pricing Operations, Large Business & International, Transfer Pricing Operations

3

4

(n)     Thomas Vidano, Deputy Division Counsel (International), Office of Chief Counsel, Large Business & International

5

6

(o)     William Merkle, Area Counsel (Retailers, Food, Transportation & Healthcare), Office of Chief Counsel, Large Business & International

7

8

(p)     William Sabin, Senior Counsel, Office of Chief Counsel, Large Business & International

9

(q)     William Wilkins, Chief Counsel, Office of Chief Counsel

10

11

12

13

(3)     All documents exchanged between the IRS (including the IRS Office of Chief Counsel) and the Office of the General Counsel, Department of the Treasury, relating to or referencing the potential or actual engagement of Boies Schiller, its partners, and/or its employees in connection with the IRS examination of Microsoft for any or all of Microsoft's tax years ended June 30, 2004 through June 30, 2009.

14

15

16

(4)     All documents exchanged between the IRS (including the IRS Office of Chief Counsel) and the Office of Tax Policy, Department of the Treasury, relating to or referencing the potential or actual engagement of Boies Schiller, its partners, and/or its employees in connection with the IRS examination of Microsoft for any or all of Microsoft's tax years ended June 30, 2004 through June 30, 2009.

17

18

19

20

(5)     All documents exchanged between the IRS (including the IRS Office of Chief Counsel) and the Office of Legal Counsel, Department of Justice, relating to or referencing the potential or actual engagement of Boies Schiller, its partners, and/or its employees in connection with the IRS examination of Microsoft for any or all of Microsoft's tax years ended June 30, 2004 through June 30, 2009.

21

22

23

24

(6)     All documents exchanged between the IRS (including the IRS Office of Chief Counsel) and the Tax Division, Department of Justice, relating to or referencing the potential or actual engagement of Boies Schiller, its partners, and/or its employees in connection with the IRS examination of Microsoft for any or all of Microsoft's tax years ended June 30, 2004 through June 30, 2009.

25

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 11

  (7)  All documents provided to Boies Schiller by the IRS in connection with TIRNE-13-C-00031.

  (8)  All documents provided to the IRS by Boies Schiller in connection with TIRNE-13-C-00031.

  (9)  To the extent not otherwise requested above, all documents constituting Boies Schiller generated work products and workpapers pursuant to TIRNE-13-C-00031.

  (10)  To the extent not otherwise requested above, all documents created or maintained by Boies Schiller in connection with TIRNE-13-C-00031.

27.  Plaintiff's Second FOIA Request was received by the appropriate component of the IRS on March 13, 2015.

28.  On April 9, 2015, Defendant sent Plaintiff's counsel a letter in connection with Plaintiff's Second FOIA Request ("Defendant's Second April 9, 2015 Letter").  A true and correct copy of Defendant's Second April 9, 2015 Letter is attached hereto as Exhibit E.

29.  Defendant's Second April 9, 2015 Letter claimed that Defendant was unable to meet the 20 working-day statutory deadline to respond to Plaintiff's Second FOIA Request, and claimed entitlement to a 10-day statutory extension, to April 24, 2015, to "[s]earch for and collect the requested records from other locations[.]"  *Id.*, at 1.

30.  On April 23, 2015, Defendant sent Plaintiff's counsel a second letter in connection with Plaintiff's Second FOIA Request ("Defendant's Second April 23, 2015 Letter").  A true and correct copy of Defendant's Second April 23, 2015 Letter is attached hereto as Exhibit F.

31.  Defendant's Second April 23, 2015 Letter claimed that Defendant was "still working" on Plaintiff's Second FOIA Request, that Defendant "need[ed] additional time to obtain and review the records[,]" and that Defendant would contact Plaintiff's counsel "by May 28, 2015" if Defendant was still unable to respond to Plaintiff's Second FOIA Request.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

32.     To date, Defendant has not responded to Plaintiff's Second FOIA Request.

33.     The statutory deadline for Defendant to respond to Plaintiff's Second FOIA Request, April 24, 2015, has expired.

34.     Because Defendant failed to comply with the FOIA time limit provisions, Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSES OF ACTION

### First Cause of Action
### (Production Under the FOIA)

35.     Plaintiff asserts and incorporates by reference paragraphs 1-34.

36.     Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

37.     Plaintiff is entitled under the FOIA to access the requested records.

38.     Defendant wrongfully withheld the requested records in violation of the FOIA.

39.     Plaintiff exhausted its administrative remedies with regard to the wrongfully withheld records.

### Second Cause of Action
### (Violation of the APA)

40.     Plaintiff asserts and incorporates by reference paragraphs 1-34.

41.     Plaintiff properly requested records within Defendant's control in accordance with the FOIA.

42.     Plaintiff is entitled under the FOIA to access the requested records.

43.     Defendant's failure to respond to Plaintiff's FOIA Request constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA.  Defendant's

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 13

1  failure to timely respond is arbitrary, capricious, an abuse of discretion, not in accordance with

2  law, and without observance of procedure required by law, all in violation of the APA.

3  <center>**PRAYER FOR RELIEF**</center>

4      WHEREFORE, Plaintiff prays that this Court:

5      a.    declare that Defendant's failure to disclose the records requested by Plaintiff is

6  unlawful;

7      b.    enjoin defendant from withholding and order Defendant to disclose the

8  requested records to Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B);

9      c.    award Plaintiff its costs and reasonable attorney fees, in accordance with 5

10  U.S.C. § 552(a)(4)(E); and

11      d.    grant such other and further relief as the Court may deem just and proper.

12      DATED this 29th day of May, 2015.

13  CALFO HARRIGAN LEYH & EAKES LLP

14  By  *s/ Patricia A. Eakes*

15  By  *s/ Andrea D. Ostrovsky*

16  Patricia A. Eakes, WSBA #18888
   Andrea D. Ostrovsky, WSBA #37749

17  999 Third Avenue, Suite 4400
   Seattle, WA  98104

18  Phone:  (206) 623-1700
   Fax:  (206) 623-8717

19  Email:  pattye@calfoharrigan.com
   andreao@calfoharrigan.com

20

21  BAKER & McKENZIE LLP

22  Daniel A. Rosen, NYBA #2790442
   *Pro Hac Vice* Application Forthcoming

23  452 Fifth Avenue
   New York, NY  10018

24  Phone:  (212) 626-4272
   Fax:  (212) 310-1672

25  Email:  daniel.rosen@bakermckenzie.com

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 14

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

James M. O'Brien, ILBA #6180576
*Pro Hac Vice* Application Forthcoming
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
Phone:  (312) 861-8602
Fax:  (312) 698-2323
Email:  james.m.o'brien@bakermckenzie.com

*Attorneys for Plaintiff Microsoft Corporation*

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 15